# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2007

No. 06-60636
Summary Calendar

Charles R. Fulbruge III
Clerk

SHAFAZZ SEERATTAN, also known as Safraz Seerattan

Petitioner

v.

PETER D KEISLER, ACTING U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A46 031 635

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Shafazz Seerattan, a native and citizen of Trinidad, was admitted to the United States as a lawful permanent resident in 1996. In 2000, he was convicted, under Texas Penal Code § 22.01(a)(1), of misdemeanor assault on his spouse. The Department of Homeland Security (DHS) began removal proceedings for a crime of domestic violence. See 8 U.S.C. § 1227(a)(2)(E)(i). Following a hearing, the IJ found that the assault was a crime of domestic

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violence and that, therefore, Seerattan was removable. However, the IJ found that the assault conviction was not a Crime Involving Moral Turpitude (CIMT) preventing adjustment of status. The IJ granted Seerattan's application for adjustment. See 8 U.S.C. § 1255. DHS appealed.

On appeal, the BIA ruled that the assault was a CIMT and remanded the matter for the IJ to determine if Seerattan was otherwise eligible for adjustment of status. On remand, the IJ found Seerattan ineligible for adjustment of status because the assault conviction was an aggravated felony as defined in 8 U.S.C. § 1101(a)(43). The IJ further found that Seerattan was ineligible for waiver or voluntary departure. Seerattan appealed this decision and argued that he was not removable. On appeal, the BIA implicitly found Seerattan removable. The BIA further agreed with the IJ that Seerattan was ineligible for waiver of removal and dismissed Seerattan's appeal. Seerattan filed the instant petition for review.

Seerattan argues that the BIA erred in finding him removable for having been convicted of a crime of domestic violence. This court reviews the BIA's rulings of law de novo. Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001). Section 1227 defines a "crime of domestic violence" as a "crime of violence" that is perpetrated by an individual with a particular relationship to the victim, including, as relevant here, a spouse. 8 U.S.C. § 1227(a)(2)(E). Section 1227(a)(2)(E) states that the term "crime of violence" is defined as it is in 18 U.S.C. § 16. Id. Section 16 defines a "crime of violence" as: "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

While Seerattan's petition for review was pending, we decided United States v. Villegas-Hernandez, 468 F.3d 874 (5th Cir. 2006), cert. denied, 127 S.Ct.

1351 (2007). In Villegas-Hernandez, we determined that a misdemeanor violation of Texas Penal Code § 22.01(a)(1) does not constitute a "crime of violence" under 18 U.S.C. § 16. 468 F.3d at 882-83. Because a violation of § 22.01(a)(1) is not a "crime of violence" under § 16, it also is not a crime of domestic violence under § 1227. See § 1227(a)(2)(E). Thus, the BIA erred when it determined Seerattan was removable for a crime of domestic violence. See also In re Hernandez-Castillo, A38 807 804 (BIA April 19, 2006) (unreported); In re Flores-Aguirre, A36 597 320 (BIA May 10, 2006) (unreported).

At the time that the BIA decided Seerattan's appeal, Villegas-Hernandez had not been issued. Therefore, the BIA has not had the opportunity to consider its impact on Seerattan's appeal and remand is appropriate to allow the BIA to conduct further proceedings consistent with current circuit case law. See INS v. Ventura, 537 U.S. 12, 16-17 (2002).

VACATED AND REMANDED.